IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEHRUZ BONSHAHI,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDEX CORPORATION, FEDEX OFFICE AND PRINT SERVICES, INC., CABRITA FRANCISCO, EMILY TRE, and DOES 2 through 20, inclusive,<br><br>        Defendants. | NO. C12-2471 TEH<br><br>ORDER DENYING CONTINUANCE AND GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AS TO DEFENDANTS FEDEX CORPORATION AND FEDEX OFFICE AND PRINT |

This matter comes before the Court on Plaintiff's motions to strike the affirmative defenses (Docket Nos. 14 and 22) from the answers of Defendants Fedex Corporation (Docket No. 11) and Fedex Office and Print (Docket No. 6). The Court is aware that the parties have jointly sought to continue the hearing on the motion (Docket No. 32). However, after reviewing the parties' written arguments, the Court concludes that oral argument is unnecessary, GRANTS Plaintiff's motion to strike, and VACATES the hearing scheduled for August 27, 2012.

**BACKGROUND**

Plaintiff Behruz Bonshahi brings this action against Defendants FedEx Corporation, FedEx Office and Print Services, Inc., and several named and unnamed individuals, challenging their failure to remove structural barriers to his access to the FedEx store in Walnut Creek, California. He seeks injunctive relief and damages under Title III of the Americans with Disability Act of 1990 and various state law provisions, including California Civil Code sections 51, 52, and 54. Compl. ¶ 2.

Defendants FedEx Corporation and FedEx Office and Print have included in their separate answers thirty identically pleaded affirmative defenses that Plaintiff now moves to strike. Because the statements of affirmative defenses are identical, the Court grants both motions in a single order.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense is insufficient if it fails to provide the plaintiff with "fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded," and "impertinent" if it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (internal quotation marks omitted).

Motions to strike are regarded with disfavor, as they are often used as delaying tactics, and should not be granted "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "However, where the motion may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981). If an affirmative defense is stricken, "leave to amend should be freely given so long as there is no prejudice to the opposing party." *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).

Neither the Supreme Court nor the Ninth Circuit has yet extended the heightened pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to affirmative defenses. However, this Court agrees with "the vast majority of [district] courts" that have done so. *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F.

2

1 Supp. 2d 1167, 1171 (N.D. Cal. 2010); *see also id.* at 1172 (discussing reasoning for
2 extending *Twombly*); *J & J Sports Prods., Inc. v. Mendoza-Govan*, No. C10-5123 WHA,
3 2011 WL 1544886, at *1 (N.D. Cal. Apr. 25, 2011); *but see Kohler v. Island Restaurants, Lp*,
4 280 F.R.D. 560, 566 (S.D. Cal. 2012) (declining to extend *Twombly*).

Under *Twombly*, 550 U.S. at 570, a pleading must contain "enough facts to state a claim to relief that is plausible on its face." Plausibility does not equate to probability, but it requires "more than a sheer possibility." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations must be assumed to be true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## DISCUSSION

Defendants argue that they are unable to answer with specificity due to Plaintiff's failure to plead with specificity. Therefore, they argue, Plaintiff should be "estopped" from seeking to enforce a heightened pleading standard against Defendants. *See* FedEx Office & Print Answer ("Ofc. & Print Ans.") at 6; FedEx Corporation Answer ("Corp. Ans.") at 5-7. This argument is unavailing for several reasons. First, if Defendants were unable to answer the complaint because it lacked sufficient facts, they should have sought to remedy this under Rule 12(e) or otherwise. And second, Defendants' pleading of their affirmative defenses is so threadbare that it is insufficient under *any* standard. *See Kohler,* 280 F.R.D. at 567-572 (finding analogous pleading insufficient without extending *Twombly* and *Iqbal*.)

Finally, Defendants argue that Plaintiff must show prejudice in order to succeed on his motion to strike. Even if such a requirement were to apply to a motion to strike brought under the "insufficient" prong of Rule 12(f), *see Barnes*, 718 F. Supp. 2d at 1173, the burden of conducting discovery regarding irrelevant and unsustainable affirmative defenses constitutes such prejudice. *See id.*

3

<u>Affirmative Defense No. 1</u> alleges that "Plaintiff's complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant." Ofc. & Print Ans. at 14; Corp. Ans. at 16.  Similarly, <u>Affirmative Defense No. 12</u> alleges that "Plaintiff has failed to state a claim for injunctive and/or equitable relief." Ofc. & Print Ans. at 16; Corp. Ans. at 19.  Some courts consider failure to state a claim to be a proper affirmative defense. *See, e.g., Valley Cmty. Bank v. Progressive Cas. Ins. Co.*, No. C11-0574 JF, 2011 WL 1833116, at *3 (N.D. Cal. May 13, 2011).  This Court, however, agrees with other courts that have concluded that "[f]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the plaintiff's] prima facie case." *Barnes*, 718 F. Supp. 2d at 1174; *see also, e.g., Kohler v. Island Restaurants, Lp*, 280 F.R.D. 560, 567 (S.D. Cal. 2012).  It is properly brought as a motion, rather than as an affirmative defense. *Barnes*, 718 F. Supp. 2d at 1174.

Furthermore, even were the Court to consider it an affirmative defense, it is insufficiently pleaded. *Accord Kohler,* 280 F.R.D. at 567 (striking bare allegation that ADA plaintiff "fail[ed] to state a claim upon which relief can be granted").  Accordingly, the Court GRANTS the motions to strike defenses 1 and 12 without prejudice to Defendants' bringing a proper motion under Rule 12(b)(6).

<u>Affirmative Defense No. 3</u> alleges that "any wrongful acts or deprivation of rights were legally caused by third parties . . . [and] Defendants would be entitled to contribution and/or indemnification from such third parties." Ofc. & Print Ans. at 14; Corp. Ans. at 17. Yet Defendants fail to identify any such third parties or explain why the involvement of third parties relieves them of liability.  As such, the defense is insufficient under even the most liberal reading of Rule 8. *Cf. Kohler,* 280 F.R.D. at 570-71 (striking affirmative defense of "failure to name indispensable party").  The motions to strike the third defenses are GRANTED.

<u>Affirmative Defense No. 4</u> asserts that "Plaintiff's claims are barred by the statute of limitations." Ofc. & Print Ans. at 15; Corp. Ans. at 12, 17.  This statement is insufficient to provide notice to Plaintiff.  In *Wyshak*, the Ninth Circuit concluded that an almost identical

4

1 pleading was sufficient because an attached memorandum of points and authorities explained
2 the claim.  607 F.2d at 827.  Here, however, no explanation of the threadbare assertion is
3 provided.  The motions to strike the fourth defenses are therefore GRANTED.  *Accord*
4 *Kohler,* 280 F.R.D. at 567.

Many of the affirmative defenses are similarly legally plausible but have not been pleaded sufficiently:

Affirmative Defense No. 2 alleges that "Plaintiff did not exercise ordinary care, caution or prudence and the resultant alleged injuries and/or damages, if any, were legally contributed to and caused by Plaintiff's careless [sic] and negligence."  Ofc. & Print Ans. at 14; Corp. Ans. at 17.  Defendants provide no factual or legal explanation of this assertion.

Affirmative Defense No. 5 alleges that "Plaintiff lacks standing and/or is not a member of the class intended to be protected by the applicable law . . . ."  Ofc. & Print Ans. at 15; Corp. Ans. at 17.  Defendants provide no explanation to support this conclusion.

Affirmative Defense No. 6 asserts that "Plaintiff failed to mitigate his damages."  Ofc. & Print Ans. at 15; Corp. Ans. at 17.  Given that Plaintiff seeks exemplary damages, this could be pertinent.  *See Kohler,* 280 F.R.D. at 570.  Yet Defendants provide no notice to Plaintiff of the facts or law upon which they base the assertion.

Affirmative Defense No. 7 alleges that "Plaintiff's request for equitable relief is barred due to the doctrines of unclean hands and/or laches."  Ofc. & Print Ans. at 15; Corp. Ans. at 18.  It is unclear whether the doctrine of unclean hands could apply in an ADA action.  *See Kohler*, 280 F.R.D. at 571.  Again, the pleading provides no factual or legal explanation.

Affirmative Defense No. 8 alleges that "Plaintiff's claims for equitable remedies are barred due to the doctrine of waiver and/or estoppel."  Ofc. & Print Ans. at 15; Corp. Ans. at 18.

Affirmative Defense No. 9 alleges that "any of the alleged acts or conduct which may have been engaged in by this answering Defendant were reasonable, justified, in good faith, privileged and/or for legitimate, non-discriminatory business reasons."  Ofc. & Print Ans. at 15; Corp. Ans. at 18.

1  Affirmative Defense No. 10 asserts that "any duty or obligation which Plaintiff claims is
2  owed by this answering Defendant has been fully performed, satisfied and/or discharged."
3  Ofc. & Print Ans. at 16; Corp. Ans. at 18.
4  Affirmative Defense No. 13 alleges that "Plaintiff's claims are moot." Ofc. & Print Ans. at
5  16; Corp. Ans. at 19.
6  Affirmative Defense 16 alleges that each defendant "is not a business entity covered by the
7  Unruh Act, Americans with Disabilities Act, or the other statutes referenced by Plaintiff in
8  his Complaint." Ofc. & Print Ans. at 17; Corp. Ans. at 19.

None of these defenses provides fair notice to Plaintiff. "A reference to a doctrine, like a reference to statutory provisions, is insufficient notice," and it is proper to strike affirmative defenses where the defendant "does not provide any factual basis" for them. *Qarbon.com*, 315 F. Supp. 2d at 1050 (striking affirmative defenses of waiver, estoppel, and unclean hands under the pre-*Twombly* pleading standard). The Court therefore GRANTS Plaintiff's motions to strike affirmative defenses 2, 5, 6, 7, 8, 9, 10, 13, and 16.

The remainder of the defenses contain neither factual nor legal support and are furthermore of questionable legal relevance:

Affirmative Defense No. 11 alleges "failure to properly exhaust the appropriate remedies and/or perform the necessary conditions precedent." Ofc. & Print Ans. at 16; Corp. Ans. at 18. Defendants identify no "appropriate remedies" Plaintiff must exhaust or "conditions precedent." Affirmative Defense No. 14 alleges that "Defendant's alleged acts were not arbitrary and intentional, and/or such alleged acts were in furtherance of legitimate business interests," Ofc. & Print Ans. at 16; Corp. Ans. at 19. Defense No. 15 alleges that Defendants' policies and practices "bear a reasonable relation to commercial objectives appropriate to an enterprise allegedly serving the public." Ofc. & Print Ans. at 16; Corp. Ans. at 19. Affirmative Defense Nos. 18 (preemption), 22 (policies facially neutral), 17 (Defendants' actions based on exercise of constitutionally protected rights), 30 (release and/or novation) are, again, of questionable legal relevance and are in any event insufficiently pleaded. The Court GRANTS the motions to strike these defenses.

6

Likewise, the court GRANTS the motions to strike <u>Affirmative Defense Nos. 19</u> (failure to modify exempted under Unruh Act), <u>20</u> (no duty to modify), <u>21</u> (no duty to provide higher degree of care), <u>23</u> (no additions since "time-frame proscribed by law"), <u>24</u> (requested modifications would require changes to the nature of the business), <u>25</u> (removal of barriers not readily achievable), <u>26</u> (cost to modify disproportionate), <u>27</u> (punitive damages constitute criminal penalty), and 28 (punitive damages violate due process). Defendants provide no facts or law to explain the bare assertions that these doctrines apply.

<u>Affirmative Defense No. 29</u> states that Defendants "reserve[] the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate." Ofc. & Print Ans. at 19; Corp. Ans. at 22. Because this is not an affirmative defense, the Court GRANTS the motion to strike without leave to amend.

**CONCLUSION**

For the above reasons, Plaintiff's motions to strike the affirmative defenses of Defendants FedEx Corporation and FedEx Office and Print are GRANTED with leave to amend except as to affirmative defense number 29. Any amended answer must be filed on or before **September 21, 2012**.

**IT IS SO ORDERED.**

Dated: 08/22/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT